IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| David Starks, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11 C 3280 |
| HOVG, LLC, d/b/a, Bay Area Credit Service LLC, a Nevada limited liability company, | ) ) ) ) | |
| Defendant. | ) ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, David Starks, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that the form of Defendant's debt collection letter violates the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, David Starks ("Starks"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to AT&T UVERSE.

1

4. Defendant, HOVG, LLC., Bay Area Credit Service, LLC ("Bay Area") is a Nevada limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Bay Area was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

5. Defendant Bay Area is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Bay Area conducts business in Illinois.

6. Moreover, Defendant Bay Area is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Bay Area acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. On June 29, 2010, Defendant, Bay Area sent Mr. Starks an initial collection letter stating that the "Principal" owed was $295.78, that there was $0.00 owed for "Svc.Chg", that there was $0.00 for "Interest", but that the "TOTAL" owed was $1,281.34. A copy of this letter is attached as Exhibit C.

8. All of the collection actions at issue occurred within one year of the date of this Complaint.

9. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g(a)(1) Of The FDCPA –**
**Failure To State Adequately The Amount Of The Debt**

10. Plaintiff adopts and realleges ¶¶ 1-9.

11. Section 1692g(a)(1) of the FDCPA requires that the debt collector, within 5 days of its first communication to a consumer, provide the consumer with a statement of the amount of the debt that it is seeking to collect, see 15 U.S.C. § 1692g(a)(1).

12. Although Defendant's letter stated a "TOTAL" owed of $1,281.34, it also stated a "Principal" owed of $295.78 – two completely different amounts. Moreover, Defendant Bay Area's letter failed to advise Plaintiff how it came up with those amounts. Thus, Defendant has failed to state adequately the total amount of the debt it was seeking to collect in violation of § 1692g(a)(1) of the FDCPA. See, Chuway v. National Action Financial Services, Inc., 362 F.3d. 944 (7th Cir. 2004).

13. Defendant's violation of § 1692g(a)(1) of the FDCPA renders it liable for statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e(2)(A) Of The FDCPA –**
**Falsely Representing The Amount Of The Debt**

14. Plaintiff adopts and realleges ¶¶ 1-9.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Defendant Bay Area's letter first states that the "Principal" was $295.78 and then states that any additional charges were $0.00, but then inexplicably states that the "TOTAL" owed was $1,281.34. Thus,

Defendant's collection letter made a false, deceptive or misleading statement about the amount of the debt, in violation of § 1692e of the FDCPA.

16. Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

17. Plaintiff, David Starks, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to AT&T UVERSE, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

18. Defendant Bay Area regularly engages in debt collection, using the same form collection letter it sent Plaintiff Starks, in its attempts to collect delinquent consumer debts from other consumers.

19. The Class consists of more than 35 persons from whom Defendant Bay Area attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Starks.

20. Plaintiff Starks' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

21.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

22.     Plaintiff Starks will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Starks has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, David Starks, individually and on behalf of all others similarly situated, prays that this Court:

1.     Certify this action as a class action;

2.     Appoint Plaintiff David Starks as Class Representative of the Class, and his attorneys as Class Counsel;

3.     Find that Defendant's form collection letter violates the FDCPA;

4.  Enter judgment in favor of Plaintiff Starks and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.  Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, David Starks, demands trial by jury.

David Starks, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: May 17, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com